All concur, except EARL, J., not voting, and MILLER, J., absent.

---

## COUNTY COURT.

GEORGE W. CARTER, respondent, agt. JAMES W. WALLACE, appellant.

*Code of Civil Procedure, section* 1011 — *Reference by stipulation — The court must appoint another referee if new trial be granted.*

Under section 1011 of the Code of Civil Procedure, as amended by chapter 542 of the Laws of 1879, it is imperative on the court to appoint another

referee where a new trial is granted in an action tried before a referee named in the stipulation to refer, "unless the stipulation expressly provides otherwise."

*Steuben County, March,* 1886.

THIS action was originally tried in justice court where a judgment was rendered in favor of the plaintiff and against the defendant for $145.30. Defendant appealed for a new trial to the Steuben county court. It was referred, by stipulation, to A. Hadden, Esq., referee, tried and a judgment entered on his report for $249.98, from which the defendant appealed to this court. The case was argued and judgment affirmed. A reargument was afterward granted, and on such reargument the judgment was reversed and a new trial ordered before another referee. A motion was made in this court for an order setting aside or vacating the order of reference and for a jury trial. The general term sent the motion to the county court to be heard there. The defendant made a motion before the county court for the appointment of a referee. The plaintiff made a motion at the same time to be relieved from the order of reference and be at liberty to try the case before a jury. The county court denied the plaintiff's motion and granted the defendant's motion, and appointed George N. Orcutt, Esq., referee, the law partner of Horace Bemis, Esq., who helped try the action before A. Hadden, the former referee.

*Burrell & Robinson,* for appellant.

I. Section 1011 of the Code of Civil Procedure provides: "If a new trial is granted in an action tried by a referee, the court must appoint another referee." Can this be so? An action once referred always referred? A party once persuaded to have his case tried by a particular referee that he has confidence in, must be compelled to have it tried afterwards by a referee he does not know. This statement seems monstrous.

Carter agt. Wallace.

To have this case tried by a jury is a constitutional right. "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever, but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law" (*Const. state of New York, art.* 1, *sec.* 2). Has the trial by jury been waived in the manner prescribed by law.? The modes prescribed by law are contained in section 1009 of the Code of Civil Procedure. This does not come within either proposition. This action was not referable without consent of the parties, by consenting to refer to a particular referee does not waive his right to a trial by the court and a jury, if for any reason the reference agreed upon falls through (*Burnes* agt. *Preston,* 66 *N. Y.,* 452; *Sharp* agt. *Mayor of N. Y.,* 31 *Barb.,* 578, 589). The court nor neither party could compel the other to submit to a reference and when the court sets aside the referee agreed upon the case must take its place upon the calendar as though no reference had been agreed upon (*Sharpe* agt. *Mayor of N. Y., supra*).

II. The county court decided that "the amendment of 1879 to section 1011 of the Code of Civil Procedure seems to make it imperative on the court to appoint another referee." Further on. he says, "it therefore seems that there is no alternative and this court must follow the section referred to and appoint another referee." The county court, without doubt, was misled by the case of *May* agt. *Moore* (24 *Hun,* 351). We think the court fell into an error. That case is not controlling for all that appears; that was a case where a reference. could have been forced upon either party, and is easily distinguished from the present case.

III. Before the amendment of 1879, when a new trial was ordered it went before the same referee, unless the court vacated the order of reference. The defeated party had to submit to a retrial before the referee with his views and prejudices of the former suit, or be put to the unpleasant task of removing a competent referee by motion, if the prevailing party refused to stipulate him out of the way. Without doubt, to get rid of

Carter agt. Wallace.

. this state of things this amendment 'was made (*Sharp* agt. *Mayor of N. Y.*, 31 *Barb.*, 589).

IV. The court must have the power to relieve a party from . the effect of an·order of reference, and in view of the trouble and expense that the plaintiff has already been put to in this case, twice tried, twice argued at the general term, it is fit and proper that it should be tried by a jury.

*Eli Soule*, for respondent.

I. The constitutional right to a jury trial in civil cases may be waived (*Baird* agt. *Mayor*, 74 *N. Y.*, 382–386). The constitution provides that a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law (*art.* 1, *sec.* 2). Section.1011 of the Code of Civil Procedure, as amended in 1879, prescribes the manner in which a jury trial may be waived in certain cases. *First.* Where the parties manifest their consent to a reference by a written stipulation signed by their attorneys and filed with the clerk, but do not name the referee in the stipulation, the right to a jury trial is absolutely and irrevocably waived. The court has the power to name the referee on motion of either party. *Second.* Where the stipulation names the referee, and he refuses to serve, the right to a jury trial is waived unless it is expressly reserved in the stipulation (*May* agt. *Moore*, 24 *Hun*, 351). *Third.* Where the stipulation names the referee and the action is tried by him, and a new trial is granted, the right to a jury trial is waived unless it was expressly reserved in the stipulation. In both of the last named cases the court is directed by the said section to appoint another referee.

. II. The judgment of reversal orders a new trial before another referee, and that judgment is binding on the county court.

III. No reason is shown why the order of reference should be vacated. The action was referred, after due deliberation on

. Carter agt. Wallace.

the part of the appellant, who required only that it be referred to an honest man. It is not alleged that the referee named in the stipulation is the only honest man available for referee.

IV. The county court had power and authority to make the order; the appellant had waived his right to a trial by jury; the action had been tried by a referee named in the stipulation to refer; a new trial had been granted; the judgment of the supreme court ordered the new trial before another referee.

The order should be affirmed.

HAKES, *Co. J.*— This action was referred by consent and tried before the referee agreed upon, who reported in favor of the respondent, and judgment was entered in his favor, which the appellant appealed to the general term of the supreme court. Upon a reargument the general term reversed the judgment, and ordered a new trial before another referee.

The respondent now moves to vacate the original order of reference, and be at liberty to try the case before a jury. The appellant had already made a motion for the appointment of a new referee, and by consent both motions are heard as one.

The amendment of 1879 to section 1011 of the Code of Civil Procedure seems to make it imperative on the court to appoint another referee where a new trial is granted in an action tried before a referee named in the stipulation to refer, "unless the stipulation expressly provides otherwise." Nothing of the kind is claimed as to the stipulation in this case. It therefore seems that there is no alternative, and that this court must follow the section referred to, and appoint another referee, unless something is shown calling for relief from the original stipulation and order of reference entered thereon.

It appears from the affidavit of the respondent, and also from that of his attorney, that the respondent was not favorable to a reference at and before he consented to refer the action — that he had more confidence in a jury; still, with these considerations in his mind, he consented to a reference to the referee, whose name was suggested by his attorney, and having thus

People agt. Donovan.

consented to a reference of the case, he must stand by it, unless for some good reason shown to exist, of which he was ignorant at the time of consenting to the reference, he ought to be relieved from its binding force.

The reason now shown for asking to vacate the stipulation and order of reference, if not precisely, is substantially the same that were revolving in his mind at the time the stipulation was made. Courts frequently interpose to relieve a party from an order, contract, stipulation and the like, but upon a state of facts which are newly discovered, or when there has been a mistake, and especially where a fraud has been practiced upon him by an adversary.

The motion to vacate must be denied, and the motion to appoint a new referee must be granted, and an order may be entered accordingly, and designating George N. Orcutt, Esq., the referee, who is hereby appointed as such.

NOTE.—The order has just been affirmed by the supreme court, general term, fifth department.—[ED.